

U.S. Department of Justice

Tax Division

*Civil Trial Section, Eastern Region*

| | | |
|---|---|---|
| REZ:DSM:KBondada | P.O. Box 227 | Telephone: 202-616-9832 |
| DJ 5-35-12384 | Washington, D.C. 20044 | Telecopier: 202-514-6866 |
| CMN 2016100080 | | |

August 7, 2018

**Via CM/ECF**
The Hon. Paul W. Grimm
United States District Court for the District of Maryland

    Re:    United States v. Santoso, 17-cv-3030-PWG (D.Md.)

Dear Judge Grimm:

On July 30, 2018, this Court concluded that the United States had made its prima facie showing that the Internal Revenue Service's summons should be enforced under United States v. Powell, 379 U.S. 48 (1964). (Doc. No. 32.) The Court also scheduled an evidentiary hearing on October 31, 2018. (Doc. No. 35.) During this evidentiary hearing, the Taxpayer, Sharon Santoso, will carry the burden of establishing her affirmative defense of non-possession.

Given the long continuances in this case and the prior discussions between counsel to resolve this matter, it is likely that Ms. Santoso continued to make some efforts to obtain information responsive to the summons and/or to buttress her claim of non-possession. Accordingly, we request that the Court order Ms. Santoso to file updated declaration(s) on or before October 9, 2018, in support of her claim of non-possession.

1. **The Only Issues to Be Considered at the Evidentiary Hearing Are a) Whether the Taxpayer Conducted a Diligent Search for Summonsed Records and b) Whether She Produced Those Records to the IRS**

The purpose of the evidentiary hearing is to allow the Taxpayer an opportunity to establish the affirmative defense of non-possession. She has the burden of proving that, despite conducting a diligent search, she nevertheless lacked possession or control over any responsive records. See United States v. Rylander, 460 U.S. 752 (1983); Alphin v. United States, 809 F.2d 236, 238 (4th Cir. 1987); Larue v. United States, No. 3:15-CV-00705-HZ, 2015 WL 9809798, at *3 (D. Or. Dec. 22, 2015); United States v. Darwin Const. Co., 873 F.2d 750, 755 (4th Cir. 1989) (dicta indicating defendant's failure to introduce evidence of lack of possession waived defense to contempt).

Specifically, the Taxpayer must prove that, consistent with her background, resources, and sophistication, she has engaged in an iterative process of (1) identifying potential sources of summonsed information; (2) taking all reasonable steps to obtain information from those sources

(including, if necessary, pursuing rights under local law); and (3) using newly discovered information, if any, to identify additional sources of summonsed information. See Larue, 2015 WL 9809798, at *3 (taxpayer's "responsibilities surely go further than a pro forma demand and cursory search for records"); see also United States v. Seetapun, 750 F.2d 601, 605 (7th Cir. 1984) (evaluating taxpayer's impossibility defense to contempt in light of his capacity to obtain records); United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984) ("diligent" efforts insufficient because "other avenues for obtaining the material were never explored"); United States v. Aruda, No. CIV 05-00751 DAE-KSC, 2006 WL 2051336, at *3 (D. Haw. July 19, 2006) (whether taxpayer had taken "all reasonable steps" in response to order compelling compliance with IRS summons should be evaluated in light of background, resources, and sophistication of Taxpayer).[1]

2. **At the Evidentiary Hearing, the Taxpayer Should Be Limited to Introducing Evidence to Support the Facts Contained In the Declarations attached to her April 2018 Motion and Any Updated Declaration(s) Filed 21 Days Before the Hearing.**

The United States proposes that the Taxpayer be ordered to provide updated declaration(s) on or before October 9, 2018, in which she discloses all new issues, facts, or documents in support of her non-possession defense. Consistent with Paragraph 5 of this Court's Show Cause Order, Doc. No. 11 ("At the show cause hearing, only those issues brought into controversy by the respective pleadings and factual allegations supported by affidavit will be considered."), the Taxpayer should be limited to introducing evidence that is necessary to support the specific factual allegations in the declarations attached to her original pleadings or her updated declaration(s). The United States has already identified and disclosed three examples of the Taxpayer's failure to conduct a diligent search in the declarations she has filed to date (failing to follow up on her potential stock ownership, inheritance, and the origin of her wire transfers). (Doc. No. 33.) The Taxpayer hopefully will have cured these defects by the time of the evidentiary hearing.

Summons enforcement proceedings are typically concluded quickly, so that the Service's investigation will not be delayed. See United States v. No Name Video, Ltd., No. 91-2722, 978 F.2d 1257 (4th Cir. Oct. 19, 1992); Cf. United States v. Kis, 658 F.2d 526, 540 (7th Cir. 1981)

---

[1] The United States notes that the Taxpayer served a subpoena on IRS Revenue Agent Gladys Brimage (at her home) on or about July 21, 2018. Despite the Court's oral denial of Taxpayer's discovery request during the status conference, Taxpayer later re-affirmed the subpoena. The subpoena calls for Agent Brimage to appear at the October evidentiary hearing and to bring with her fourteen categories of documents. The government previously objected to the document demands, and intends to object on relevance and privilege grounds if the Taxpayer seeks to call Agent Brimage as a witness at the hearing to establish the Taxpayer's non-possession defense. Such objection would be without prejudice to the government's right to call Agent Brimage as a rebuttal witness if necessary to demonstrate that the Taxpayer has not, in fact, conducted a diligent search.

(noting "Congress's concern that summons enforcement proceedings be concluded rapidly"); see generally United States v. Clarke, 134 S. Ct. 2361, 2367 (2014).  Two considerable and unexpected continuances have potentially rendered the Taxpayer's initial pleadings out-of-date.  The government's proposed procedure effectively restores this litigation to the posture it would have been in but for the two prior continuances, allowing Ms. Santoso to provide additional facts in support of her claim of non-possession and allowing the United States to challenge those claims at the evidentiary hearing.  Requiring the Taxpayer to update the declarations to reflect the documents and information on which she intends to rely would also be consistent with the general practice in summons litigation.  In cases in which a hearing is held on an affirmative defense, a court can order or deny enforcement of the summons at the time of the hearing.  See generally Kis, 658 F.2d 526.

Cross-examining the Taxpayer without an updated declaration may unnecessarily prolong the proceedings as the United States may be without notice of the facts she hopes to prove at the evidentiary hearing.  E.g., United States v. Ali, No. PWG-13-3398, 2016 WL 8628348, at *1 (D. Md. Mar. 29, 2016) (argument by counsel insufficient to establish defense to contempt), aff'd 874 F.3d 825 (4th Cir. 2017).  Much of the United States' extensive preparation for the evidentiary hearing has required reviewing the handful of documents the Taxpayer has produced, evaluating the searches she claims she has conducted, and verifying the entities listed in the documents that have been produced to date.  New documents and information will require similar vetting.  Such preparation cannot be performed in real time during an evidentiary hearing.  It will take more than a brief recess for the United States to analyze new evidence and prepare a meaningful cross-examination of the Taxpayer.  Nor can this harm be redressed with post-hearing briefing alone: although the United States might point the Court towards inconsistencies in the Taxpayer's narrative, a written brief is no substitute for a meaningful cross-examination of the Taxpayer.

Requiring the Taxpayer to disclose the facts she hopes to prove (and the documents with which she attempts to prove those facts) 21 days prior to the evidentiary hearing provides an avenue for the Taxpayer to claim credit for her more recent efforts – if any – to comply with the summons, without unfairly prejudicing the government's ability to respond to her claims.

    Sincerely,

    /s/Kavitha Bondada
    KAVITHA BONDADA
    RICHARD J. HAGERMAN
    BEATRIZ SAIZ
    Trial Attorneys
    Civil Trial Section, Eastern Region