

**U.S. Department of Justice**

**Tax Division**

*Civil Trial Section, Eastern Region*

REZ:DSM:RJHagerman  
DJ 5-35-12384  
CMN 2016100080

P.O. Box 227  
Washington, D.C. 20044

Telephone: 202-616-9832  
Telecopier: 202-514-6866

August 16, 2018

**VIA CM/ECF**
The Hon. Paul W. Grimm
United States District Court for the District of Maryland

    Re:    <u>United States v. Santoso</u>, 17-cv-3030-PWG (D. Md.)

Dear Judge Grimm:

    Respondent, Sharon Santoso, filed her response to the government's letter brief on August 14, 2018. In it, she rejects the proposed standard for establishing a non-possession defense to summons enforcement. She also rejects the government's suggestion that she update her earlier declarations in light of the Court's prior order that, "[a]t the show cause hearing, only those . . . factual allegations supported by affidavit will be considered," Show Cause Order, ECF No. 11, ¶ 4. These points are addressed below.

**I.    The Court Articulated the Correct Legal Standard for Establishing a Non-Possession Defense in a Summons Enforcement Proceeding**

    Rather than offer an alternative test for a non-possession defense, Respondent claims that the government seeks to force her "to take extraordinary steps" to comply with a summons before it has been ordered enforced.[1] <u>See</u> Letter Response, ECF No. 40 at *1. As explained

---

[1] Respondent also assails the government for relying on judicial decisions at the contempt (rather than enforcement) phase to formulate the "reasonable search" component of the non-possession defense. Yet Respondent fails to articulate *why* the variation in procedural posture is legally significant. In either posture, the failure to conduct a reasonable search is grounds for judicial relief. The only difference is the *type* of relief to be ordered. In the enforcement context, that relief is an order enforcing the summons (implicit in which is the requirement that the summonsed party conduct a reasonable search and produce any resulting records). In a civil contempt context, the relief is typically a sanctions order designed to coerce compliance with the prior enforcement order. There is simply no principled basis–and Respondent fails to offer any– for defining "reasonableness" differently in these two contexts.

below, Respondent's filing does not articulate any valid reason for deviating from the Court's proposed legal standard.

This Court recently explained that to succeed on her affirmative defense, Respondent must demonstrate "that she took reasonable steps to comply with the summons and to locate and obtain the documents, including from third parties over whom she has the ability to exercise control." Mem. Op., ECF No. 38 at *10. This objective test is correct, and is consistent with the Supreme Court's admonition that because the IRS's summons authority "is a crucial backstop in a tax system based on self-reporting . . . . courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of overseeing the IRS's determinations to investigate." United States v. Clarke, 134 S. Ct. 2361 (2014) (internal quotations omitted).

The Court should reject Respondent's contention that she should not have to demonstrate that she took all reasonable steps to obtain documents in her control in order to establish non-possession.[2] Proof that the Respondent has failed to produce a specific set of existing records over which she had actual or constructive control is certainly *sufficient* to withstand a claim of non-possession. But such proof is not *necessary* until respondent demonstrates that she has taken all reasonable steps to obtain the documents in her control. United States v. Zhong H. Chen, 815 F.3d 72, 81 (1st Cir. 2016). To hold otherwise would effectively limit the reach of the IRS's summons power to only those records that are already within the knowledge of the government.

Under this Court's objective test, the government can rebut the non-possession defense by demonstrating that a similarly-situated[3] person, acting in good faith, would have taken additional steps to obtain summonsed records that are reasonably likely to exist within the party's constructive (if not actual) control. For example, a person who received millions of dollars in wire transfers from foreign financial institutions could reasonably be expected to contact those institutions to ask for any records associated with the transfers and any accounts in which s/he possessed a relevant legal interest.

---

[2] Although Respondent's letter brief specifically contends that she cannot *be held in contempt* without a finding of possession, Respondent previously argued that the Court cannot enforce the summons at all without such a finding. See ECF No. 19 at *13 ("This Court should deny this Petition unless this Court first expressly determines that Mrs. Santoso possesses or controls the requested foreign records."). The government assumes that Respondent did not intend to abandon this argument. As the United States is not, at this time, seeking to hold respondent in contempt, there would be no point in raising that challenge here.

[3] Specifically, a person with similar background, resources, and sophistication. See United States v. Aruda, No. CIV 05-00751 DAE-KSC, 2006 WL 2051336, at *3 (D. Haw. July 19, 2006)

**II.     The Respondent Should Make Her Additional Disclosures at Least 14 Days Prior to the Hearing**

Respondent contends that at the hearing, she "can testify about any relevant facts in support of her non-possession defense." She also states that she will provide the government with documents and an exhibit list that she intends to admit seven days prior to the hearing. The government respectfully requests that Respondent disclose her exhibit list, documents, and a witness list[4] 14 days prior to the hearing. This would be a middle ground between the 21 days previously requested by the government and the 7 days offered by Respondent.

Respectfully submitted,

/s/ RJ Hagerman
RICHARD J. HAGERMAN
KAVITHA BONDADA
Trial Attorneys
Civil Trial Section, Eastern Region

---

[4] Respondent's letter does not currently offer to provide a list of witnesses that she expects to call to support her affirmative defense. The government has previously noted that if necessary, it may call Melina Ali and Gladys Brimage as rebuttal witnesses.